UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JAMES JEFFERSON | No. 2:09-cv-1405-MCE-GGH |
| Plaintiff, | |
| v. | **ORDER** |
| Officer Curtis, individually Doe Zack, a Store manager, and WAL-MART, INC., | |
| Defendants. | |

----oo0oo----

On May 21, 2009, Plaintiff Edward James Jefferson ("Plaintiff") filed the present action *in pro se*, alleging deprivations of his civil rights under 42 U.S.C. § 1983.  Some seven months later, attorney James Joseph Lynch filed a Notice of Substitution of Counsel purporting to effectuate his substitution of counsel for both Plaintiff and Cliff Hoffman, who previously had no connection whatsoever to this lawsuit.

1

1  In filing the substitution, however, Attorney Lynch failed to
2  comply with the terms of Eastern District Local Rule 182(g),
3  which specifies that a substitution request must include a court
4  order.  Consequently Mr. Lynch has not yet properly substituted
5  in as Plaintiff's counsel in this case.
6      On the same day he filed the purported substitution,
7  Attorney Lynch also filed a document entitled "Notice of Removal"
8  in which he purports to remove one, and possibly two, state court
9  actions in which Cliff Hoffman was or is a party.  Examination of
10 the documents pertaining to those actions, as attached to the
11 Notice of Removal, reveals no allegations supporting even a
12 colorable claim for federal jurisdiction.  Both involve claims
13 sounding solely in state law.  Moroever, the Notice of Removal
14 contains no suggestion that jurisdiction may rest on diversity
15 grounds.  Instead, Mr. Lynch appears to simply assert that
16 because the state court litigation involving Mr. Hoffman is
17 somehow "related" to the claims asserted by Mr. Jefferson, that
18 alone is enough to invoke federal jurisdiction.
19     Mr. Lynch is wrong, and his Notice of Approval is improper
20 despite the fact that he has not yet properly substituted in to
21 this matter in the first place and consequently has no standing
22 to offer any argument before the Court at this juncture.  An
23 action may not be removed to federal court unless the complaint,
24 on its face, shows that the case "arises under" federal law.  See
25 Franchise Tax Board v. Construction Laborers Vacation Trust, 463
26 U.S. 1, 10 (1983).  The pleadings in Mr. Hoffman's case contain
27 no such allegations.
28 ///

1  For all the above reasons, the purported Notice of Removal
2 (Docket Nos. 9, 10) is consequently STRICKEN as improper.  While
3 the Court recognizes that Attorney Lynch also included a request
4 for party joinder within the Notice of Removal, that request must
5 be made separately once Mr. Lynch is properly representing
6 Plaintiff or anyone else in this matter.
7  IT IS SO ORDERED.

 Dated: January 15, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3