UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWARD JAMES JEFFERSON

      Plaintiff,

  v.

Officer Curtis, individually,
Doe Zack, a Store manager,
and WAL-MART, INC.,

      Defendants.

No. 2:09-cv-1405-MCE-GGH

**ORDER**

----oo0oo----

On May 21, 2009, Plaintiff Edward James Jefferson ("Plaintiff") filed the present action *in pro se*, alleging deprivations of his civil rights under 42 U.S.C. § 1983. Some seven months later, attorney James Joseph Lynch filed a Notice of Substitution of Counsel purporting to effectuate his substitution of counsel for both Plaintiff and one Cliff Hoffman, who previously had no connection whatsoever to this lawsuit.

1

Attorney Lynch concurrently filed a removal request attempting to transfer one, and possibly two, state court actions brought by Mr. Hoffman to this Court for adjudication. On January 16, 2010, the Court denied Attorney Lynch's requests.

On January 19, 2010, Lynch filed yet another request, captioned "Ex Parte Application of Order re: Substitution of Counsel and Removal". The body of the document, however, makes it clear that Lynch in fact is seeking a reconsideration of the Court's ruling on his prior requests. Specifically, the first sentence of the Application asks unequivocally that the Court "reconsider its ruling regarding substitution of counsel". Ex Parte App'n, 1:17-18. The Application goes on to argue that the Court erred in striking the Notice of Removal as both procedurally and substantively improper. Lynch submits a proposed application both effectuating the substitution and reinstating the removal.

Lynch fails to understand that he cannot do anything until he properly substitutes in to this matter as counsel for someone. The substitution he has submitted improperly attempts to do more than to simply accomplish his representation of the only current Plaintiff, Mr. Jefferson. Moreover, even if the Court were to get past that fundamental defect, on a substantive basis Lynch offers neither any newly-discovered evidence, evidence that the Court committed any clear error, or evidence that the Court's decision with regard to removal was manifestly unjust, as it must in order to justify reconsideration. See School Dist. No. 1J, Multnomah County. Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff's Application/Reconsideration request (Docket No. 14) is accordingly DENIED.  As the Court previously indicated, Mr. Lynch has no standing to take any action regarding this case whatsoever until he properly substitutes into this case.  As the Court already advised Lynch it its prior January 16, 2010 Order, he cannot, within the same document, simultaneously seek both to represent Mr. Jefferson and to seek relief on behalf of a party with no current relation to this lawsuit.

IT IS SO ORDERED.

Dated: March 15, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE